**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The United States of America for the use of Foxworth-Galbraith Lumber Company,<br><br>        Plaintiff,<br><br>vs.<br><br>Shannon Construction, LLC, et al.,<br><br>        Defendants. | No. CV-09-8111-PCT-PGR<br><br><br>ORDER |

A review of the record establishes the following: that plaintiff Foxworth-Galbraith Lumber Company filed this Miller Act action on June 26, 2009; that defendants Shannon Construction, LLC and Financial Pacific Insurance Company were served with process in August, 2009; that Magistrate Judge Voss, who was then the judge assigned to this action, entered an order on July 12, 2010 (Doc. 15) that required the plaintiff to show cause why this action should not be dismissed for lack of prosecution inasmuch as that nothing of record had been done since the defendants were served; that the plaintiff filed its response (Doc. 17) to the show cause order on July 30, 2010, wherein it stated that the defendants had been given an extension of time to answer pending settlement

negotiations but that negotiations had been unfruitful due to the lack of any meaningful settlement offer; that the plaintiff filed a Motion for Entry of Judgment by Default Without Hearing (Doc. 16) pursuant to Fed.R.Civ.P. 55(b)(1) on July 30, 2010; that the plaintiff filed separate Application[s] for Entry of Default (Docs. 18 & 19) for each defendant on August 3, 2010; that the Clerk of the Court entered default against both defendants on August 3, 2010 (Doc. 20); that counsel for defendant Financial Pacific Insurance Company filed a notice of appearance (Doc. 21) on August 6, 2010; and that this action was assigned to the undersigned Judge on September 21, 2010.

Having reviewed the record, the Court *sua sponte* finds that the default entered against the defendants should be vacated and that the motion for default judgment should be denied.

Although inexplicably not mentioned in the plaintiff's applications for entry of default, the plaintiff's earlier-filed response to the show cause order states that "Plaintiff granted an extension of time both to Shannon and Financial Pacific to answer the Complaint[,]" and Exhibit B to that response, which is a letter from the plaintiff's counsel to Financial Pacific Insurance Co.'s counsel dated September 24, 2009, states in part that "I confirm that Financial Pacific Insurance Company is granted an open extension to answer the Complaint while we work out details of a possible settlement. Should an answer become necessary, I will provide you ten (10) days notice of the same." While such an informal method of extending the answer time is procedurally unacceptable to the Court since the parties did not seek, much less obtain, the Court's approval for the extension, *see* Lack v. Rustick, 2008 WL 268712 (D.Ariz. Jan. 28, 2008) (Court noted that "there is no such thing as an 'open extension to file an answer' under the FRCP; and a party

does not have the authority to grant or withdraw such an extension.  Further, a party does not have the power to unilaterally set a due date for another party's pleadings[,]") the fact remains that the record establishes that such an extension was given but does not establish that the plaintiff's counsel had revoked the open extension of time and had given the promised ten days notice requiring the defendants to answer the complaint and that the ten days had elapsed prior to the filing of the default judgment motion or prior to the time default was entered.[1] That being the case, the Court cannot countenance the entry of default against the defendants.

Since default was improperly entered, the Court cannot grant default judgment.[2]

The Court wishes to place the parties on notice that no further undue

---

[1] The Court notes that both entry of default applications contain the following statement: "NOTE: If the parties claimed to be in default fail to file a responsive pleading or otherwise defend in this action within 10 days after the filing of this Application, the default judgment will be entered against those parties."  Such a notice does not suffice to provide the notice promised by the plaintiff's counsel regarding the need to file an answer.

The Court further notes that while the plaintiff's counsel's time sheets submitted with the plaintiff's default judgment motion states that the plaintiff's counsel had various communications with the defendants' counsel concerning the status of settlement discussions, nothing therein establishes that the plaintiff's counsel rescinded the open extension of time to answer and required the defendants to file an answer.

[2] The Court notes that the plaintiff failed in any case to comply with the procedural requirements of Fed.R.Civ.P. 55 as it improperly filed its default judgment motion several days before it even applied for entry of default. Obviously the opposite procedure is the correct one as Rule 55 is a sequential two-step process which requires seeking, and obtaining, entry of default from the Clerk of the Court pursuant to Rule 55(a) before moving the Court for entry of default judgment pursuant to Rule 55(b).

delays in the prosecution of this action will be accepted, and that the defendants will be required to respond to the complaint regardless of any ongoing settlement negotiations and that the response deadline set forth in this Order will not be extended. Therefore,

IT IS ORDERED that the default (Doc. 20) entered against defendants Shannon Construction, LLC and Financial Pacific Insurance Company is vacated.

IT IS FURTHER ORDERED that plaintiff Foxworth-Galbraith Lumber Company's Motion for Entry of Judgment by Default Without Hearing (Doc. 16) is denied.

IT IS FURTHER ORDERED that defendants Shannon Construction, LLC and Financial Pacific Insurance Company shall answer or otherwise respond to the complaint no later than **October 15, 2010**.

DATED this 29th day of September, 2010.

Paul G. Rosenblatt
United States District Judge